UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN HOWARD | CIVIL ACTION |
| VERSUS | CASE NO. 25-745 |
| CROWLEY MARITIME CORPORATION, ET AL. | SECTION: "G"(2) |

## ORDER AND REASONS

Before the Court is Defendants Intrepid Ship Management, Inc. and Intrepid Personnel and Provisioning, Inc.'s (collectively, "Defendants") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] This litigation arises out of injuries allegedly sustained by Plaintiff Jonathan Howard ("Plaintiff") while in the course and scope of his employment onboard a vessel "owned, manned, provisioned, operated, and/or controlled" by Defendants.[2] Defendants contend that this Court does not have general personal jurisdiction over the matter because Defendants are citizens of Delaware and Florida.[3] Defendants further assert that specific personal jurisdiction is lacking because Defendants have not purposely availed themselves of the benefits and protections of conducting business in Louisiana as it concerns the acts and/or omissions giving rise to Plaintiff's claims.[4] Plaintiff opposes the motion.[5] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

---

[1] Rec. Doc. 15.

[2] *See generally* Rec. Doc. 10.

[3] Rec. Doc. 15-1 at 5–6.

[4] *Id.* at 7.

[5] Rec. Doc. 22.

## I. Background

On or about June 22, 2023, it is alleged that Plaintiff suffered injuries after a co-employee failed to monitor the tension on an aft spring line, causing the line to become tightly stretched while Plaintiff was "on his hands and knees" adjusting a gear on the M/V AMERICAN PRIDE (the "Vessel").[6] At the time of the alleged injury, Plaintiff was employed by Defendant Intrepid Personnel & Provisioning, Inc. as a crewmember aboard its Vessel acting in the course and scope of his employment.[7] Further, the Vessel was docked in Louisiana at the time of the alleged injury.[8] Plaintiff claims that Defendants are liable for his injuries because they were caused by Defendants' negligence as well as the unseaworthiness of the Vessel.[9] The Amended Complaint provides that Defendants are foreign corporations that do "substantial business in the State of Louisiana."[10]

On April 15, 2025, Plaintiff filed a Complaint pursuant to the Jones Act and general maritime law against Defendant Crowley Marine Services, Inc. ("Crowley").[11] On June 24, 2025, Plaintiff filed an Amended Complaint substituting Crowley with Defendants.[12] On August 29, 2025, Defendants filed the instant motion.[13] On November 4, 2025, Plaintiff opposed the motion.[14]

---

[6] Rec. Doc. 10 at 3. An "aft spring line" in laymen terms, is a docking line that runs from the rear of the vessel to a cleat that is adjacent to the center of the vessel.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4–6.

[10] *Id.* at 1–2.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

[13] Rec. Doc. 15.

[14] Rec. Doc. 22.

## II. Parties' Arguments

### A.     *Defendants' Arguments in Support of the Motion*

Defendants argue that the Court does not have personal jurisdiction over them because they are not incorporated in Louisiana, they do not have their principal places of business in Louisiana, and Plaintiff merely make conclusory allegations of jurisdiction.[15] Defendants point out that Plaintiff merely asserts that Defendants do "substantial business" in Louisiana without support.[16] Therefore, Defendants assert that the Court has neither general nor specific jurisdiction over them.[17]

Regarding general jurisdiction Defendants contend that they are incorporated in Delaware, and their principal places of business are in Florida.[18] Further, Defendants aver that Plaintiff's allegations that Defendants do "substantial business" in Louisiana are insufficient to support general jurisdiction.[19] Thus, Defendants assert that Plaintiff has failed to allege facts to support the contention that this is "an exceptional case" where Defendants' operations in the jurisdiction are "so overwhelmingly pervasive as to create general jurisdiction" in Louisiana.[20]

Likewise, Defendants argue that they are not subject to specific jurisdiction in Louisiana.[21] Defendants contend that Plaintiff alleges in a conclusory fashion, that "at all relevant times, the M/V AMERICAN PRIDE was moored to a dock in New Orleans, Louisiana, and that employees

---

[15] Rec. Doc. 15-1 at 2.

[16] *Id.* at 3.

[17] *See generally id.*

[18] *Id.* at 5–6.

[19] *Id.* at 6.

[20] *Id.* at 5–6.

[21] *Id.* at 7.

and/or agents of Defendants negligently caused Plaintiff to sustain his injuries while working aboard the" Vessel.[22] Defendants aver that Plaintiff's allegations do not establish that Defendants directed their activities at the forum and that such alleged activities had a relationship with the alleged incident.[23] Specifically, Defendants assert that allegations that the incident occurred while the Vessel "just happened to be in Louisiana" does not establish the requisite connection between Louisiana and the incident sufficient to exercise specific jurisdiction over non-resident defendants.[24]

B.   *Plaintiff's Arguments in Opposition of the Motion*

Regarding general jurisdiction, Plaintiff concedes that Defendants are incorporated in Delaware and that their principal places of business are in Florida.[25] However, Plaintiff argues that the Court should deny the instant motion because the Court has specific personal jurisdiction over Defendants.[26] Plaintiff contends that Defendants engaged in negligence in this Court's district, and because of that negligence Plaintiff was injured within the district.[27] Therefore, Plaintiff asserts that there is a clear affiliation between the forum and the underlying controversy to support specific jurisdiction.[28]

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 22 at 6.

[26] *Id.* at 1.

[27] *Id.* at 4–5.

[28] *Id.* at 5.

Plaintiff submits that he need only make a *prima facie* showing of personal jurisdiction, in a case such as this where the Court has not conducted an evidentiary hearing.[29] Plaintiff contends that there is no question that Defendants have "engaged in interstate commerce within the Eastern District of Louisiana."[30] Further, Plaintiff asserts that he and his fellow crewmembers were employed for the purpose of transporting and loading cargo on behalf of Defendants.[31] Additionally, the Vessel arrived at the South West Pass, Louisiana sea buoy on ten occasions between May 1, 2023 and June 28, 2023.[32] Moreover, Plaintiff submits that the Vessel underwent five vessel inspections by the U.S. Coast Guard's New Orleans unit between April 2023 and May 2025.[33] Plaintiff contends that Defendants were engaged in their usual business operations when the vessel was moored and engaged in cargo loading in Mount Airy, Louisiana on June 22, 2023.[34]

Further, Plaintiff asserts that Defendants altered the Vessel's normal mooring configuration on June 22, 2023, which caused a spring line to come into contact with a drainpipe sticking out of the Vessel's hull.[35] Plaintiff claims that said alteration by Defendants, resulted in Plaintiff being ordered to put new chafing gear on the Vessel's spring line, which resulted in Plaintiff's injury in this forum.[36] Plaintiff contends that the above-mentioned connections to this forum clearly establish that Plaintiff's claims directly relate to Defendants' contacts with this

---

[29] *Id.*

[30] *Id.* at 8.

[31] *Id.*

[32] *Id.* The alleged injury occurred on or about June 22, 2023.

[33] *Id.*

[34] *Id.* at 8–9.

[35] *Id.* at 9.

[36] *Id.*

forum.[37] Thus, Plaintiff argues specific jurisdiction is satisfied here because Defendants purposefully directed activities in Louisiana, and the occurrence forming the basis of Plaintiff's complaint arose form said activities.[38]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a plaintiff's claims when the court does not have personal jurisdiction over a defendant.[39] The party seeking to invoke the power of the court "bears the burden of establishing jurisdiction, but need only present *prima facie* evidence."[40] To determine whether a prima facie case exists, a district court accepts "uncontroverted allegations in the complaint" as true and resolves "any factual disputes" in favor of the party seeking to invoke the court's jurisdiction.[41]

Due process permits the exercise of personal jurisdiction over a nonresident defendant when (1) the defendant "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state"[42] and (2) the court's exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice."[43] The "minimum contacts" analysis "may result in either specific or general jurisdiction."[44] "General

---

[37] *Id.* at 10.

[38] *Id.*

[39] Fed. R. Civ. P. 12(b)(2).

[40] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

[41] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 176 (5th Cir. 2013) (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)).

[42] *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[43] *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).

[44] *Torgeson v. Nordisk Aviation Prod., Inc.*, 997 F.2d 881 (5th Cir. 1993).

jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action."[45] On the other hand, specific jurisdiction may be asserted when the non-resident defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."[46]

### IV. Analysis

Defendants argue that Plaintiff's claims must be dismissed because this Court does not have general or specific personal jurisdiction over Defendants. The Court addresses each argument in turn.

"General jurisdiction…extends to 'any and all claims' brought against a defendant," and those claims "need not relate to the forum State or the defendant's activity there."[47] General jurisdiction over a defendant exists only when the defendants "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state."[48] "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction.'"[49] The Fifth Circuit has noted that it is "incredibly difficult to establish general jurisdiction" in a different forum.[50]

Plaintiff concedes that Defendants' state of incorporation is Delaware, with their principal

---

[45] *Cent. Freight Lines*, 322 F.3d at 381.

[46] *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[47] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct*., 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 464 U.S. 915, 919 (2011)).

[48] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 464 U.S. 915, 919 (2011)

[49] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting Lea Brilmyer et al., *A General Look at General Jurisdiction*, 66 Texas L. Rev. 721, 728 (1988)).

[50] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

places of business in Florida.[51] Defendants assert that Plaintiff attempts to establish general jurisdiction by lodging conclusory allegations that Defendants do "substantial business" in Louisiana.[52] Defendants argue that while they do have contacts with Louisiana, those contacts are not sufficient to render them at home in this forum.[53] Plaintiff does not oppose these allegations. The Court finds that Plaintiff has not demonstrated that Defendant's contacts with Louisiana are so "'continuous and systematic' as to render them essentially at home" in this State.[54] Because Plaintiff does not assert that Louisiana is either Defendant's principal place of business or state of incorporation, it is "incredibly difficult to establish general jurisdiction" over Defendants in Louisiana.[55] Thus, the Court finds that general personal jurisdiction is lacking.

For a court to exercise specific jurisdiction over a defendant, the defendant must engage in "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum state."[56] The act must be "the defendant's own choice and not 'random, isolated, or fortuitous.'"[57] Furthermore, the plaintiff's claims in the lawsuit must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*."[58] In other words, "there must be 'an affiliation between the forum and the underlying controversy.'"[59] The Fifth Circuit evaluates these principles using a

---

[51] Rec. Doc. 22 at 6.

[52] Rec. Doc. 15-1 at 6.

[53] *Id.*

[54] *See Goodyear*, 464 U.S. at 919.

[55] *See Ritter*, 768 F.3d at 432.

[56] *Ford Motor Co.*, 141 S. Ct. at 1024 (alteration in original) (quoting *Hanson v. Denckla*, 357 U.S. 234, 253 (1958)).

[57] *Id.* at 1025 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984).

[58] *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (alterations in original). (quoting *Daimler*, 571 U.S. at 127).

[59] *Id.* (quoting *Goodyear*, 564 U.S. at 919).

three-part test:

> First, to evaluate minimum contacts, we ask if the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." Second, we ask if the case "arises out of or results from the defendant's forum-related contacts." Third, we ask if "the exercise of personal jurisdiction is fair and reasonable." If we answer all three questions in the affirmative, personal jurisdiction over the out-of-state defendant satisfies due process.[60]

First, it is apparent that Defendants "purposely directed [their] activities toward the forum state or purposefully availed [themselves] of the privileges of conducting activities"[61] in Louisiana. Defendants claim that the Vessel being in Louisiana when Plaintiff's injury occurred was mere happenstance.[62] However, Plaintiff points out that the Vessel regularly traverses waterways within this district to conduct Defendants' business operations.[63] Further, at the time of Plaintiff's injury the Vessel was docked in Mount Airy, Louisiana, at a loading cargo as part of Defendant's business operations.[64]

Second, Plaintiff's injuries allegedly arose during the course and scope of his employment with Defendants while docked in Mount Airy, Louisiana. Hence, this case arises out of Defendants' forum-related contacts. Regarding the third element of the minimum contact inquiry, where "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such

---

[60] *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 351 (5th Cir. 2021).

[61] *Id.*

[62] Rec. Doc. 15-1 at 7.

[63] Rec. Docs. 22 at 8; 22-1.

[64] Rec. Doc. 22-3. Although, the Amended Complaint states that the Vessel was docked in New Orleans, Louisiana, Plaintiff has provided supporting documents confirming the Vessel was actually in Mount Airy, Louisiana. Mount Airy, Louisiana is in St. John the Baptist Parish, which is in the Eastern District of Louisiana.

activity."[65] Therefore, this Court's exercise of personal jurisdiction over Defendants is fair and reasonable, because they regularly conduct economic activity within this district. Thus, the Court finds that Defendants have minimum contacts with the forum state.

With the Court finding that Defendants have had sufficient minimum contacts with the forum, the Court concludes that it has specific personal jurisdiction over Defendants. As stated above, the party seeking to invoke the power of the court "bears the burden of establishing jurisdiction…"[66] Therefore, the Court finds that Plaintiff has met his burden of establishing specific personal jurisdiction. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)[67] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __27th__ day of January, 2026.

                                               **NANNETTE JOLIVETTE BROWN**
                                               **UNITED STATES DISTRICT JUDGE**

---

[65] *Burger King Corp.*, 471 U.S. at 472 (internal citation omitted).

[66] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

[67] Rec. Doc. 15.