UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN HOWARD | * | CIVIL ACTION |
| VERSUS | * | NO. 25-745 |
| CROWLEY MARINE SERVICES, INC., ET AL. | * | SECTION "N" (2) |

### ORDER AND REASONS

Pending before me is Plaintiff Jonathan Howard's oral Motion for Appointment of Counsel, raised during the July 10, 2026, final pretrial conference. ECF No. 57. By Order dated July 13, 2026, the undersigned ordered Plaintiff to file a Memorandum in Support of the request for appointment of counsel by July 21, 2026. ECF No. 58. He did not, and no defendant filed an Opposition Memorandum. Neither did any party request oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record and the applicable law, Plaintiff's Motion for Appointed Counsel is DENIED for the reasons stated herein.

### I. BACKGROUND

On April 15, 2025, Plaintiff Jonathan Howard, through counsel, filed this Jones Act complaint seeking to recover for personal injuries, with an Amended Complaint filed on June 24, 2025. ECF Nos. 1, 10. On September 24, 2025, the Court scheduled trial for July 27, 2026. ECF No. 18. On March 3, 2026, after participating in a settlement conference with the undersigned, Plaintiff's counsel filed a motion to withdraw, asserting a fundamental breakdown in the attorney-client relationship and irreconcilable differences regarding case strategy and litigation decisions that make continued representation untenable. ECF Nos. 27, 32, 32-1 at 3.

1

Judge St. John granted the motion to withdraw and gave Plaintiff 30 days within which to retain new counsel.  ECF Nos. 42-43.  In that Order, Judge St. John explained the valuable assistance attorneys provide and encouraged Plaintiff to attempt to retain counsel by "contacting (1) the New Orleans office of the Louisiana State Bar Association regarding lawyer referrals (504-525-7453); (2) Southeast Louisiana Legal Services (SLLS) (844-244-7871 or 504-529-1000); (3) The Pro Bono Project (504-581-4043); (4) the Tulane Law School Law Clinic (504-865-5000); and (5) the Loyola Law School Law Clinic (504-861-5590)" and consulting "internet resources such as www.martindale.com" for helpful information.  ECF No. 43.  After Plaintiff failed to enroll new counsel or notify the Court that he intended to proceed *pro se*, Judge St. John construed that failure as an indication of his intent to represent himself.  ECF No. 44.

At the July 10, 2026, final pretrial conference, Plaintiff asked that counsel be appointed to represent him.  ECF No. 57.  Judge St. John treated that request as an oral motion.  ECF No. 57.

## II.    APPLICABLE LAW AND ANALYSIS

Unlike criminal cases, a litigant has no constitutional right to a court-appointed attorney in a civil case.[1]  That said, appointment of counsel is authorized in certain situations, such as Title VII claims or *in forma pauperis* cases.[2]  However, this is not a Title VII case, and Plaintiff is not proceeding pursuant to § 1915.[3]  And even when demonstrably indigent, a plaintiff asserting civil claim for damages is not entitled to appointed counsel as a matter of right.[4]

---

[1] *See F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) ("The Sixth Amendment right to counsel is inapplicable in civil cases." (citations omitted)).

[2] 28 U.S.C. § 1915(e)(1); 42 U.S.C. § 2000e–5(f)(1).

[3] *Johnson v. Offshore Serv. Vessels, LLC*, No. 24-2257, 2025 WL 3269418, at *2 (E.D. La. Nov. 24, 2025) (citations omitted); *see also Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) ("Under § 1915, a court may appoint counsel for plaintiffs proceedings *in forma pauperis*, but because Nottingham did not proceed *in forma pauperis*, he is not entitled to counsel under § 1915." (citing *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990))).

[4] *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023) (quoting *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

Appointment of counsel does not occur as a matter of course or ordinary practice, even under § 1915(e)(1).[5] Rather, appointment of counsel under § 1915(e)(1) requires the plaintiff to establish "exceptional circumstances,"[6] and the appointment must "advance the proper administration of justice."[7] Although the Fifth Circuit has declined to articulate a comprehensive definition of exceptional circumstances,[8] it has identified various factors that a court should consider in determining whether exceptional circumstances warrant the appointment of counsel:

(1) the type and complexity of the case;[9]
(2) whether the indigent plaintiff is capable of adequately presenting the case;
(3) whether the indigent plaintiff is in a position to investigate and adequately prepare the case;[10]
(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
(5) the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.[11]

Similarly, in the Title VII context, courts consider

(1) the merits of the claims;
(2) the efforts taken by plaintiff to obtain counsel; and
(3) plaintiff's financial ability to retain counsel.[12]

The court also has the inherent authority to compel an attorney to represent a party when exceptional circumstances exist and efforts to secure non-compulsory representation are

---

[5] *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001) (per curiam) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases)); *Naranjo*, 809 F.3d at 799 (citing *Ulmer*, 691 F.2d at 212).

[6] *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213.

[7] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

[8] *Ulmer*, 691 F.2d at 213 (quoting *Branch*, 686 F.2d at 266).

[9] "Every civil lawsuit is in some ways complex, but not every lawsuit warrants court appointed counsel. It is only those extraordinarily complex cases that require such extraordinary measures." *LaBranche v. Nestor I LLC*, No. 18-8399, 2019 WL 3891555, at *3 (E.D. La. Aug. 19, 2019) (citing *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011)).

[10] "[T]he burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Soc. Sec. Admin.*, No. 08-4605, 2009 WL 3673025, at *2 (E.D. La. Oct. 28, 2009).

[11] *Ulmer*, 691 F.2d at 213; *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

[12] *Gonzalez*, 907 F.2d at 580; *Neal v. IAM Loc. Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984).

unsuccessful.[13]  This is a power of last resort and should not be invoked unless all other options have been exhausted.[14]  Before ordering mandatory or compelled representation, the court may consider the merits of the claim, whether taking the case would subject an attorney to discipline, plaintiff's efforts to obtain counsel, plaintiff's conduct toward previous counsel, whether an attorney has good cause to decline, and any change in circumstances.[15]  A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement.[16]

Plaintiff does not make any argument as to why counsel should be appointed, and he does not identify any circumstances that bear on the relevant "exceptional circumstances" factors.  He does not demonstrate the inability to employ counsel,[17] that this case is particularly complex or technical, or that he is not in a position to investigate or prosecute the case.  Similarly, Plaintiff does not establish that presentation of this case entails conflicting testimony that requires skill in presentation or cross-examination beyond that of the ordinary person.  Further, the court may consider Plaintiff's prior counsel's withdrawal based on failure to communicate and differing views on strategy as well as Plaintiff's failure to identify any efforts he took to secure replacement private counsel.  For all of these reasons, Plaintiff has failed to establish that appointment of counsel is appropriate in this case.

---

[13] *Naranjo*, 809 F.3d at 804.
[14] *Id.*; *see also Byrd v. Lindsey*, 736 F. App'x 465, 468 (5th Cir. 2018) (re-affirming inherent authority to appoint counsel).
[15] *Naranjo*, 809 F.3d at 805-06.
[16] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").
[17] Plaintiff had counsel originally and presumably should be able to find counsel given the potential contingency arrangement in this personal injury case.

**III.    <u>CONCLUSION</u>**

Plaintiff is not entitled to court-appointed counsel as no exceptional circumstances exist to justify same.  Further, Plaintiff has not demonstrated the inability to obtain private counsel or the efforts taken to obtain replacement counsel.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's oral Motion to Appoint Counsel is DENIED.

New Orleans, Louisiana, this ___23rd___ day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE